959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit
Gilbert J. MIMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-6383, 91-6384.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 In Case No. 91-6383, Gilbert J. Mims, a pro se Kentucky prisoner, appeals the district court's order dismissing his motion to vacate sentence filed under 28 U.S.C. § 2255 and his petition for writ of coram nobis, filed under Fed.R.Civ.P. 60(b). In Case No. 91-6384, Mims appeals the district court's order and certification denying him pauper status on appeal. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mims pleaded guilty in 1988 to one count of conspiracy to possess with intent to distribute a measurable amount of a substance containing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Three additional counts were dismissed in accordance with the plea agreement. He was sentenced to 120 months imprisonment and 3 years supervised release. Mims appealed the denial of his motion to suppress evidence, but the Sixth Circuit affirmed his conviction. United States v. Farrow, Nos. 88-6207/6208/6209 (6th Cir. June 28, 1989) (per curiam). His subsequent motions filed under § 2255 and § 2241 (construed as a motion to vacate) were also denied.
 
 
 3
 In his present motion, Mims argued that the district court's use of the drug quantity set forth in a dismissed count to determine his base offense level under the sentencing guidelines placed him in double jeopardy and violated his right to due process. The magistrate judge filed a report on May 28, 1991 in which she recommended that Mims's motion be summarily dismissed under Rule 9(b), Rules Governing Section 2255 Proceedings, as a successive petition that alleged new grounds for relief under circumstances where the failure to assert those grounds in a prior petition represented an abuse of the writ. Mims filed objections and also a petition under Fed.R.Civ.P. 60(b) which raised the new issue of denial of his right of allocution at sentencing. In an order filed August 27, 1991, the district court overruled Mims's objections, adopted the magistrate judge's report, and dismissed both the § 2255 motion and the Rule 60(b) petition, which it seems to have construed as an amendment to the motion to vacate, as successive.
 
 
 4
 On appeal, Mims argues that his motions should have been considered on the merits. He has filed a motion for the appointment of counsel.
 
 
 5
 Upon review, we vacate the district court's order dismissing this action because dismissal on "abuse of the writ" grounds was premature. The Supreme Court has held that in order for a motion to be denied as an abuse of the writ, the government must first meet the burden of pleading abuse of the writ. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991); Sanders v. United States, 373 U.S. 1, 10-11 (1963). Thus, the district court erred in sua sponte dismissing Mims's motion to vacate, including the petition for writ of coram nobis, as an abuse of the writ prior to service upon the respondent.
 
 
 6
 Accordingly, the motion for the appointment of counsel is denied. We vacate the district court's order, filed August 27, 1991, and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. Because Mims was granted pauper status in his appeal in Case No. 91-6383, the appeal in Case No. 91-6384 is dismissed as moot. Rule 9(b)(3), Rules of the Sixth Circuit.